IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OCTAVIUS SETTLES, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> MARILYN BROOKS; DISTRICT ) <br> ATTORNEY OF ALLEGHENY COUNTY;) <br> PA STATE ATTORNEY GENERAL, ) <br> ) <br> Respondents ) | Civil Action No. 07-812 <br> Judge Donetta W. Ambrose/ <br> Magistrate Judge Amy Reynolds Hay |

## **MEMORANDUM ORDER**

The above-captioned habeas petition was received by the Clerk of Court on June 14, 2007, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

After an amended habeas petition was filed, Dkt. [6] and two extensions of time in which to file an answer, the answer was filed. Dkt. [14]. The Magistrate Judge's Report and Recommendation, Dkt. [17], filed on June 27, 2008, recommended that the Petition for Writ of Habeas Corpus be dismissed because the grounds raised were meritless, and that a certificate of appealability be denied. Service was made on the Petitioner at SCI Albion, 10745 Route 18 Albion, PA 16475-0002. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. Petitioner filed objections. Dkt. [18].

Petitioner first objects to the fact that the Report found meritless, his issue of trial counsel's ineffectiveness for asking a question of the victim, specifically, a question as to when the abuse began. Counsel asked "Okay. Do you remember what school you were going to?" The victim answered, somewhat surprisingly, " I know I was going to no school. He told me he [i.e., Petitioner] did it when I was a baby." (T.T. at 91-92). See also Dkt. [4] at 9 (quoting the above exchange). The Superior Court found that the entire line of questioning was intended to discredit the victim which was designed to further the defense strategy to convince the jury that the victim's lack of specificity reflected negatively on her credibility and the Superior Court concluded that counsel's line of questioning was reasonable. The Superior Court also found that Petitioner failed to establish prejudice from this questioning and from the somewhat non-responsive answer by the victim. The Report found Petitioner failed to carry his burden to show that the Superior Court's disposition was an unreasonable application of extant Supreme Court precedent.

Now in objections, Petitioner changes his tack and makes a somewhat different argument, namely, not that counsel was ineffective for engaging in this line of questioning as such, because it resulted in this surprise answer, but that counsel was ineffective for allegedly failing to read the preliminary hearing transcript wherein the victim testified that Petitioner first abused her when she was eight years old. Had counsel done so, Petitioner contends he would have entirely avoided this line of questions. First, this precise issue of ineffectiveness does not appear to have been raised in the state courts and, hence is defaulted. Moreover, even if such an argument establishes that trial counsel was unreasonable in pursuing this strategy, something we do not decide, such an argument does nothing to disestablish the fact that the Superior Court's

2

alternative holding that Petitioner failed to establish prejudice as a result of the line of questioning, which resulted in the victim's surprising answer, was entirely reasonable. At least Petitioner has not established otherwise. Hence, this objection is overruled.

Petitioner's second objection is adequately disposed of by the Report.

Petitioner's third objection is that the Report got it wrong when it concluded that the Superior Court was reasonable in finding Dr. Davis' testimony was not objectionable and hence, trial counsel could not be found to be ineffective for failing to object to Dr. Davis' testimony. Petitioner based this objection on the fact that the victim testified that Plaintiff never penetrated her vagina with his penis, a necessary element of his rape conviction. ( T.T. at 124). However, viewing the record in a light most favorable to the Commonwealth as the verdict winner, given that the victim testified that Petitioner ground his "dingaling" against her "kitty cat," (T.T. at 63), and the testimony of Dr. Davis that the victim's hymen was damaged and not accidentally, but by sexual abuse, and given that the victim affirmatively testified that no one other than Petitioner ever put his "dingaling on [her] kitty cat" (T.T. at 86), we find the objection meritless and find that the Superior Court's conclusion of no ineffectiveness entirely reasonable.

The fourth objection regarding alleged actual innocence is adequately disposed of by the Report. The last remaining objections, i.e., not appointing counsel and not holding an evidentiary hearing, are meritless.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, and the Petitioner's various filings in objection to the Report, the following order is entered:

AND NOW, this 31st day of July, 2008;

3

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is

**DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the Report and Recommendation (Dkt. [17]) of Magistrate Judge Hay, filed June 27, 2008, is adopted as the opinion of the court.

*Donetta W. Ambrose*
The Honorable Donetta W. Ambrose
Chief United States District Court Judge


cc: Amy Reynolds Hay
United States Magistrate Judge



Octavius Settles
EU-5894
SCI Albion
10745 Route 18
Albion, PA 16475-0002

Rusheen R. Pettit
Assistant District Attorney
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219

4